Sterling J. Stires, Esq.; SBN 199218
Lisa G. Taylor, Esq.; SBN 156381
Holmes Weddle & Barcott, P.C.
501 West Broadway, Suite 2060
San Diego, California 92101
Telephone (619) 358-9987; Fax (619) 487-9551

Attorneys for Defendants F/V CAPE SAN LUCAS; Tri-Marine International, Inc.; Tri-Marine Fishing Management, LLC; Cape Fisheries Holdings, LP; Cape Fisheries U.S. Holdings, LLC and Cape San Lucas Fishing LP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOFILO DEGUZMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>F/V CAPE SAN LUCAS, U.S. Coast Guard official number 1209784, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, and TRI-MARINE INTERNATIONAL, INC., a corporation; TRI-MARINE FISHING MANAGEMENT, LLC, a corporation; CAPE FISHERIES HOLDINGS, LP, a corporation; CAPE FISHERIES US HOLDINGS, LLC, a corporation; CAPE SAN LUCAS FISHING LLC, a limited liability company; CAPE SAN LUCAS FISHING LP, a limited partnership; *in personam*, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 11CV02174-WMC<br><br>JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE<br><br>Magis.: Hon. William McCurine, Jr.<br>Filed: 09/16/11<br>Trial: Not set<br><br>MSC: November 29, 2012<br>Time: 2:30 p.m.<br>Magis: Nita L. Stormes |

     Plaintiff TEOFILO DEGUZMAN (hereinafter "Plaintiff") and Defendants F/V CAPE SAN LUCAS, Tri-Marine International, Inc., Tri-Marine Fishing Management, LLC, Cape Fisheries Holdings, LP, Cape Fisheries US Holdings, LLC and Cape San Lucas Fishing LP (hereinafter, collectively "Defendants"), by and through their respective counsel, submit this Joint Motion to Continue the Mandatory Settlement Conference (hereinafter "MSC") before Magistrate Judge Nita

Stormes, in the above-captioned matter.

1. **Original date in question:** The MSC is currently on-calendar for November 29, 2012.

2. **Previous requests for a continuance of the MSC:** This is the parties' fourth request for a continuance of procedural deadlines, but only their second request for a continued MSC date (two of the requests for continuance did not request continuance of the MSC dates then calendared).

3. Good cause for the requested continuance/Lack of opposition/Effect of continuance on other Case Management dates: This motion is brought jointly, and neither the plaintiff nor the defendants have any opposition to the continuance being requested.

The continuance in question will not effect other case management dates. The parties consented to refer the captioned matter, for all purposes, to a Magistrate Judge in September, and the order confirming said reference was entered on September 21, 2012. The matter is now before Magistrate Judge McCurine. Judge McCurine has not yet issued a scheduling order in the matter, and therefore the only court-set date remaining on-calendar in this matter is the MSC date. Thus, the requested continuance of the MSC date before Judge Stormes will not impact any other procedural dates or deadlines in the matter.

The parties are informed and believe that good cause exists to continue the MSC date. While the parties await Judge McCurine's scheduling order, they are continuing to conduct discovery, which is complicated in the matter [as is typical in most commercial fishing personal injury cases] by the fact that most of the relevant percipient witnesses are itinerant fishermen, at sea for months at a time, who accept employment on vessels not under the control of the defendants, in ports outside the continental United States. As a result, in order to depose these witnesses the parties must: (a) track them down to their current vessels, (b) determine whether the vessel/vessels are at sea and when they are expected to return to port, and to which port[s] the vessel[s] in question will return, (c) determine whether the witness/witnesses in question will be in port long enough to be deposed, and (d) arrange for the transportation and lodging of attorneys and court reporters for said deposition[s] in said foreign port[s]. The parties are cooperating with each other to the best of their ability in order to facilitate this process, but in spite of their on-going cooperation, there are important percipient

witnesses remaining to be deposed in this matter, whose testimony is crucial to the parties' understanding of the case, and their judgment regarding its potential settlement value, who will not be deposed before the date currently set for the MSC.

Also on-going in this matter is plaintiff's medical care, which is taking place in the Philippines, where plaintiff lives with his family. Plaintiff contends he has not reached a point of maximum medical cure as Plaintiff recently started a six week process of extensive dental work. The parties are cooperating with each other with respect to the scheduling and financing of said dental work. Plaintiff's dental work is likely to comprise a significant portion of his settlement demand in this matter.

Further, as noted above, Plaintiff lives in the Philippines. In order for Plaintiff to attend the MSC, he would need to obtain permission [by the issuance of a visa] to enter the United States. Plaintiff did not seek a visa prior to the MSC because the parties believed that the MSC date had been vacated along with all other dates when the case was transferred to Judge McCurine. In addition, Plaintiff has previously been denied a visa to come to the U.S. and it is not likely that Plaintiff will be granted a visa without assistance from the Court. Therefore, the parties respectfully request that the Court issue an order asking the U.S. Embassy in the Philippines to issue a B-1 visa to Plaintiff so that he can attend the MSC.

For the reasons set forth above, the parties jointly request that the date currently set for an MSC in the captioned matter, November 29, 2012, be vacated. To the extent possible, the parties

///
///
///
///
///
///
///
///
///

G:\14\000041\pldg\jt.motion.continue.msc.doc

3

JOINT MOTION TO CONTINUE MSC

11CV02174-WMC

1  ///

2  jointly request that a new date for an MSC in this matter be set, if possible in concert with Judge
3  McCurine's calendar, for a date not less than sixty days further out, or January 29, 2013.

4  DATED: November 20, 2012

5  HOLMES WEDDLE & BARCOTT, P.C.

8  By: s/Sterling J Stires
   Sterling J. Stires,
   Lisa G. Taylor,
9  Attorneys for Defendants F/V CAPE SAN LUCAS;
10 Tri-Marine International, Inc.; Tri-Marine Fishing
   Management, LLC; Cape Fisheries Holdings, LP;
11 Cape Fisheries U.S. Holdings, LLC and Cape San
   Lucas Fishing LP

14 BANNING LLP

16 By: s/William L. Banning
17 William L. Banning,
   Jessica L. Voss,
18 Attorneys for Plaintiff, Teofilo Deguzman

# DECLARATION OF SERVICE

Deguzman v. F/V CAPE SAN LUCAS, et al.
United States District Court Case No. 11CV02174-WMC

Persons served:

Sterling J. Stires, Esq.
Holmes Weddle & Barcott, P.C.
501 West Broadway, Suite 2060
San Diego, California 92101
Telephone (619) 358-9987; Fax (619) 487-9551
**Attorneys for Defendants**

Date Served: November 20, 2012

I, the undersigned, declare under penalty of perjury that I am over the age of 18 years and not a party to this action; that I served the above-named persons with the following documents: **Joint Motion to Continue Mandatory Settlement Conference**, in the following manner:

[X] I attached a true copy of the above-entitled document to the CM/ECF system. I caused the above-entitled document to be sent to the recipients, as currently maintained as of the date and time of this filing on the CM/ECF system, through electronic transmission. The file transmission was reported as complete and a copy of the notification of electronic filing receipt page will be maintained with the original document in our office.

[ ] By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named above and depositing each in the U.S. mail at San Diego, California

[ ] I caused each document to be transmitted via the facsimile number(s) listed on the attached service list. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine pursuant to California Rules of Court, Rule 2008(e).

[ ] By leaving, during usual office hours, copies in the office of the person(s) served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid), copies to the person(s) served at the place where the copies were left.

[ ] By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his/her office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

I declare that I am employed in the office of the attorney at whose direction the service was made.

Executed on November 20, 2012, at San Diego, California.

_____Jessica L. Voss_____   _____
Type or Print Name                        Signature